**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
ARGENT SECURITIES INC., ASSET-
BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-W5,

        Plaintiff,

v.                                                                          Case No.: 3:26-cv-22-WWB-PDB

GERALD L. POUGH, PATRICIA A.
POUGH, BLACK CREEK AT EAGLE
HARBOR ASSOCIATION, INC.,
ARGENT MORTGAGE COMPANY,
LLC and ANY AND ALL UNKNOWN
PARTIES CLAIMING BY, THROUGH,
UNDER AND AGAINST THE NAMED
INDIVIDUAL DEFENDANTS WHO ARE
NOT KNOWN TO BE DEAD OR ALIVE,
WHETHER UNKNOWN PARTIES MAY
CLAIM AN INTEREST AS SPOUSES,
HEIRS, DEVISEES, GRANTEES, OR
OTHER CLAIMANTS,

        Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (Doc. 19) and

Defendant Patricia A. Pough's Opposition (Doc. 25).[1]  For the reasons set forth below,

the Motion will be granted in part.

_____

[1] Both filings fail to comply with this Court's January 13, 2021 Standing Order.  The parties have already been cautioned to comply with the Standing Order.  (Doc. 6; Doc. 16 at 1 n.1; Doc. 29 at 1).  Nonetheless, the Court will consider the filings because this matter is fully briefed and ripe for resolution.  The parties are, however, provided a final warning to comply with all applicable rules and orders.  Any failure to do so may result in

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction where the complaint alleges claims "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1332(a), a district court may also have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." However, a district court lacks jurisdiction over a removed case if the defendant's "opportunities for relief from [a final] state court judgment are exhausted." *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 629 (11th Cir. 2019) (quoting *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198 n.8 (11th Cir. 1991)). A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Id.*

Defendant Patricia L. Pough unilaterally removed a post-judgment foreclosure action initiated against Defendants in December 2023 to this Court on January 5, 2026. *See* Fla. Doc. 1, No. 2023-CA-001568 (Fla. 4th Cir. Ct. Dec. 6, 2023), *available at*

---

the dismissal of this action or the striking or denial of filings without notice or leave to refile.

https://inquiry.clayclerk.com/Home.aspx/Search; (*see also* Doc. 1 at 2).[2] Plaintiff argues that removal was untimely and non-unanimous. Plaintiff further argues that this case was improperly removed because some Defendants are citizens of Florida, and that this Court lacks jurisdiction to adjudicate a final judgment that has already been entered in state court. In response, Defendant Pough contends that removal was proper based on federal question jurisdiction, which arose when she rescinded, under the Truth in Lending Act, Plaintiff's security interest in the subject property. Defendant Pough fails to respond to Plaintiff's other arguments for remand.

To meet the burden of proving federal question jurisdiction, "defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of . . . jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008). Here, no federal question appears on the face of the Complaint, and neither Defendant Pough's "[c]ounterclaims [nor her] defenses raising federal questions [can] create federal-question jurisdiction." *Mortg. Lenders Inv. Trading Corp. v. Vereen*, No. 3:24-cv-627, 2024 WL 4284979, at *2 (M.D. Fla. Sept. 25, 2024). Moreover, "there was no state-court action pending at the time [Defendant Pough removed this case], inasmuch as nothing remained for the state courts to do but execute the judgment [against her]." *Allen*, 762 F. App'x at 628. Final judgment was entered against Defendant Pough in state court on September 18, 2025. Fla. Doc. 270 at 1–5. Under Florida Rule of Civil Procedure 1.530, any motions for rehearing or to alter or

---

[2] Because Defendant Pough violated Local Rule 1.06(b) by failing to file a legible copy of each paper docketed in state court, the Court will refer to filings on that docket as (Fla. Doc. #). Taking judicial notice of Plaintiff's state court proceedings is appropriate. *E.g., Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020); *Griffin v. Verizon Commc'ns Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018).

3

amend a judgment were due fifteen days later.  Defendant Pough filed dozens of post-judgment motions within the period, all of which were denied.  *E.g.*, Fla. Doc. 337 at 1–3.  She also appealed the judgment, but her seemingly untimely appeal was dismissed on December 2, 2025.  Fla. Doc. 390 at 1–2.  Had Defendant Pough not removed this action, Florida Rule of Civil Procedure 1.540(b) would still afford her the opportunity to move for relief from judgment, but  the filing of such a motion would "not affect the finality of [her] judgment . . . or suspend its operation."  The Court therefore has no jurisdiction over this action, and it need not address Plaintiff's procedural arguments for remand.

Plaintiff's Motion will be denied, however, with respect to its request for an award of fees and costs incurred as a result of removal.  While the record reflects no objectively reasonable basis for invoking the Courts jurisdiction, Defendant Pough is proceeding pro se and the Court is not inclined "to retain jurisdiction to determine the amount of fees and costs to be awarded, which would further delay resolution of the case and inevitably cause Plaintiff to incur additional costs and fees."  *Kondaur Cap. Corp. v. Gaspareto*, No. 3:12-cv-750-J, 2012 WL 6765728, at \*3 (M.D. Fla. Nov. 14, 2012), *report and recommendation adopted*, 2013 WL 57719 (M.D. Fla. Jan. 4, 2013).  In all other respects, Plaintiff's Motion will be granted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 19) is **GRANTED** to the extent provided herein and **DENIED** only with respect to Plaintiff's request for fees and costs.

2. This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida, Case Number 2023-CA-001568.

4

3. The Clerk is directed to terminate all other pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on March 19, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
Clerk of the Court of the Fourth Judicial Circuit in and for Clay County, Florida

5